UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARYL-CHRISTOPHER LANZON,

Plaintiff, Case No. 18-12641

v. HON. GEORGE CARAM STEEH

COUNTY OF LIVINGSTON, 44TH JUDICIAL CIRCUIT COURT, HON. MIRIAM A. CAVANAUGH, HON. MICHAEL P. HATTY, HON. DAVID J. READER, HON. SUZANNE GETTIS; JERRY D. SHERWOOD, JR., WILLIAM J. VAILLIENCOURT, JR., PAMELA J. MASS, ANGELA DELVERO, and SHAWN M. RYAN,

Defendants.
_____________________________________/

ORDER GRANTING APPLICATION TO PROCEED
*IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

Appearing pro se, Plaintiff Daryl-Christopher Lanzon filed a complaint and application to proceed without prepayment of fees on August 23, 2018, as well as an amended complaint on September 11, 2018. The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, "a district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999).

Plaintiff has sued Livingston County; the 44th Circuit Court; judges Miriam A. Cavanaugh, Michael P. Hatty, David J. Reader, and Suzanne Gettis; Magistrate Jerry D. Sherwood, Jr.; Livingston County prosecuting attorney William J. Vailliencourt, Jr.; chief assistant prosecuting attorney Pamela J. Mass; and assistant prosecutors Angela Delvero and Shawn M. Ryan. Pursuant to 42 U.S.C. §1983, Plaintiff alleges that Defendants violated his constitutional rights. Although the circumstances surrounding Plaintiff's allegations are not entirely clear, it appears that Plaintiff complains about state court proceedings in which there was an "unlawful

warrant for my arrest, which allowed for an unlawful search & seizure of my personal private property." Doc. 5 at 5(a). Plaintiff contends that the magistrate "unlawfully & extrajudicially arraign[ed] me" and "practiced law from the bench by entering a not guilty plea for me, when I stood silent." *Id.* Plaintiff alleges that Defendants "refused to recognize my status as a Non-US-Citizen American National, and State Citizen." *Id.* Plaintiff claims that he was falsely imprisoned for 28 days and was "forced to submit to alcohol and drug testing at my own expense." *Id.* Plaintiff seeks damages, the return of his personal property, and "all charges dismissed with prejudice." *Id.* at 6.

Plaintiff's claims are subject to summary dismissal for several reasons. First, under the *Rooker-Feldman* doctrine, the court may not entertain "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, this court lacks the authority to review or reverse a state court judgment. To the extent that Plaintiff seeks this relief, the court lacks jurisdiction over Plaintiff's claims. *See Rowe v. City of Detroit*, 234 F.3d 1269, 2000 WL 1679474 (6th Cir. Nov. 2, 2000) ("The

*Rooker-Feldman* doctrine provides that federal district courts generally lack jurisdiction to review and determine the validity of state court judgments, even in the face of allegations that "the state court's action was unconstitutional."); *Parker v. Phillips*, 27 Fed. Appx. 491, 493-94 (6th Cir. 2001) ("Parker's complaint is frivolous to the extent that he seeks relief under § 1983 based on the manner in which the state court prosecution is being conducted.").

Second, Plaintiff's claims are barred by *Heck v. Humphrey,* which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994). Plaintiff has not alleged that the state proceedings have terminated in his favor and, therefore, cannot seek damages under § 1983. *See Parker*, 27 Fed. Appx. at 493 (holding *Heck* barred claims for false imprisonment or malicious prosecution until the plaintiff had "the conviction overturned on direct appeal or via collateral attack").

Third, Plaintiff has sued judges and prosecutors, who are immune

from suits for damages. *See Fields v. Lapeer Cty. Circuit Court*, 3 Fed. Appx. 377, 378 (6th Cir. 2001) ("A judge has absolute immunity from civil suits for monetary damages unless the judge has acted in a non-judicial capacity or has performed judicial acts in the complete absence of all jurisdiction.") (citing *Mireles v. Waco,* 502 U.S. 9, 9-12 (1991)); *Manetta v. Macomb Cty. Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (prosecutor entitled to absolute immunity from damages liability for acts performed as advocate for the state, including filing complaint and seeking arrest warrant). Plaintiff has not alleged facts that would overcome this general grant of immunity.

Finally, to the extent Plaintiff's claim is based upon his alleged status as a "Non-US-Citizen American National, and State Citizen" or "State Citizen of the republic," it is frivolous. *See, e.g., United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (rejecting argument that the plaintiff was "solely a resident of the state of Michigan and not a resident of any 'federal zone' and therefore not subject to federal income tax laws" as "completely without merit and patently frivolous"); *Payne v. Kilda,* 2016 WL 491847 at *4 (E.D. Mich. Jan. 6, 2016) ("Complaints premised solely on sovereign citizen arguments have 'been uniformly rejected by the federal courts.'"), *adopted by* 2016 WL 465486 (E.D. Mich. Feb. 8, 2016); *Bellon v. United*

*States Government*, 2006 WL 1134411 at *2 (E.D. Mich. Apr. 27, 2006) ("Courts have long found this 'sovereign citizen' argument to be frivolous.").

For these reasons, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED.

Dated: October 4, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 4, 2018, by electronic and/or ordinary mail and also on Daryl-Christopher Lanzon, 20860 Trebash Road West, Pinckney, MI 48169.

s/Barbara Radke
Deputy Clerk